**Lakhvir SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70518.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2004.*

Decided Aug. 24, 2004.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Thankful T. Vanderstar, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

MEMORANDUM **

Lakhvir Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of the immigration judge ("IJ") denying his application for asylum and for relief under the Convention Against Torture, 8 C.F.R. § 208.16(c). Because the parties are fa-

---

* The panel granted Singh's motion to submit this without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

miliar with the factual and procedural history of this case, we will not recount it here. Because the BIA adopted the IJ's decision in its entirety, we review the IJ's ruling. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). We deny the petition as to the asylum application, but grant the petition as to the relief sought under the Convention Against Torture and remand for further proceedings.

## I

■ The IJ denied the asylum application based on an adverse credibility finding. An adverse credibility finding is reviewed for substantial evidence, *see Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996), and must be supported by specific, cogent reasons that are supported by the record, *Cordon–Garcia v. INS*, 204 F.3d 985, 993 (9th Cir.2000). The IJ based the adverse credibility finding in part on petitioner's demeanor. Demeanor findings by an immigration judge are afforded special deference, *Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999), especially those grounded in references to non-verbal communication, *Arulampalam v. Ashcroft*, 353 F.3d 679, 685–86 (9th Cir.2003). However, they must be supported by specific, rather than generalized, references to the record. *Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir.1998).

In this case, the IJ cited the fact that petitioner began crying at a time in the proceedings that was inappropriate. Although crying is generally a normal reaction when an asylum applicant is detailing and being cross-examined about often harrowing events, *cf. Singh–Kaur*, 183 F.3d at 1151 (noting that nervousness is generally to be expected in immigration proceedings), our review of the record indicates that petitioner began crying when he

was confronted with an inconsistency in his testimony, which the IJ deemed an inappropriate reaction. The record does not compel the conclusion that petitioner was being badgered or otherwise harassed in such a manner that the IJ's finding is erroneous. *See id.* at 1151 (deferring to an IJ's ability to distinguish between a normal level of nervousness and an applicant so nervous he was "literally jump[ing] around in his seat") (alteration in original). When an IJ's adverse credibility finding is supported by at least one reason that goes to the heart of an asylum applicant's claim, we must affirm the finding and deny the petition for review as to the asylum application. *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003).

## II

■ Singh also raises a claim that documentary evidence apart from his testimony entitles him to withholding of removal under the Convention Against Torture. "All evidence relevant to the possibility of future torture" must be considered by the agency in assessing Singh's claim, including "evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable," as well as "other relevant information regarding conditions in the country of removal." 8 C.F.R. § 208.16(c)(3). This is true even where an applicant for relief is found not credible, as the credibility finding cannot "wash over" the claim for Convention Against Torture relief. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001). The IJ therefore erred when denying Singh's claim for relief under the Convention "for the same reasons" his asylum application was denied, an adverse credibility finding.[1]

---

1. The government argues that Singh failed to exhaust his administrative remedies with re-

spect to this claim, but our review of the record indicates otherwise. In his appeal to

Given this failure to address whether Singh was entitled to CAT relief despite an adverse credibility finding, we could address it in the first instance. *Cf. Taha v. Ashcroft*, 362 F.3d 623, 629–30 (9th Cir. 2004) (addressing a similar petition and denying it for failure to point to any record evidence supporting the CAT claim, over the dissenting judge's objection that remand was more appropriate). We do not intrude on the agency's domain or role, *see INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), where the agency fails to exercise its role and address a claim before it. However, we think it wiser to remand in this case so that the agency may address Singh's claim for relief under the Convention Against Torture based on general country conditions and other relevant non-testimonial evidence.

**PETITION GRANTED IN PART; DENIED IN PART; REMANDED.**

the BIA, after arguing that the IJ's credibility finding should be reversed, he added, "Also, the evidence in the record supports a finding that ... it is more likely than not that he will suffer persecution if he is forced to return to India. He therefore must be granted withholding of deportation to India and also withholding under Article 3 of the Convention Against Torture."